```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                                )
ROY A. DANIEL, et al.,          )
                                )
      Plaintiffs,               )
                                )
      v.                        )   Civil Action No. 10-862 (RWR)
                                )
ISAAC FULWOOD, JR., et al.,     )
                                )
      Defendants.               )
_____)
```

## MEMORANDUM OPINION AND ORDER

The plaintiffs are federal inmates who alleged that the U.S. Parole Commission violated the Ex Post Facto Clause in making parole decisions by applying the 2000 parole guidelines rather than the 1972 parole regulations that were in place at the time each plaintiff was sentenced.  The plaintiffs also alleged that they were denied fair parole review hearings, in violation of the Due Process Clause of the Fifth Amendment.  A previous memorandum opinion granted the defendants' motion to dismiss both of the plaintiffs' claims.  The plaintiffs now move for reconsideration under Federal Rule of Civil Procedure 59(e).  Because the plaintiffs fail to show clear error or manifest injustice, their motion will be denied.

### BACKGROUND

Plaintiffs Roy A. Daniel, Alfonso Taylor, Harold Venable, Percy Jeter, Abdus-Shahid Ali, and William Terry are federal

-2-

inmates who were incarcerated for violations of the D.C. Code before March 3, 1985.  At the time the plaintiffs were incarcerated, their parole hearings were governed by the 1972 Parole Regulations as applied by the D.C. Parole Board.  (Compl. ¶ 3.)  However, the plaintiffs' parole hearings have proceeded under the 2000 Guidelines as adopted by the United States Parole Commission ("USPC"), which assumed jurisdiction over D.C. Code offenders in 1997.  (Id. at ¶ 4; see also Sellmon v. Reilly, 551 F. Supp. 2d 66, 68 (D.D.C. 2008).)  The plaintiffs alleged that when the defendants - - the Chairman and two Commissioners of the USPC - - applied the revised parole guidelines, they violated the Ex Post Facto Clause and the Due Process Clause of the United States Constitution by effectively increasing each plaintiff's period of incarceration.  (Compl. ¶¶ 6, 10-17.)

An opinion and order issued in September 2011 ("September opinion") dismissed the plaintiffs' complaint for failure to state a claim.  The September opinion held that the complaint did not plausibly plead that the retroactive application of parole regulations to prisoners created a significant risk of longer incarceration in violation of the Ex Post Facto Clause, and that parole regulations do not create a constitutionally protected liberty interest that is protected by the Due Process Clause.  See Daniel v. Fulwood, 823 F. Supp. 2d 13, 15 (D.D.C. 2011).  The plaintiffs have moved under Federal Rule of Civil Procedure

-3-

59(e) for reconsideration of the September opinion.  The defendants oppose.

## DISCUSSION

"'While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure.'"  Matthews v. District of Columbia, 774 F. Supp. 2d 131, 132 (D.D.C. 2011) (quoting Berg v. Obama, 656 F. Supp. 2d 107, 108 (D.D.C. 2009) (internal quotation omitted)).  "[A]s a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice."  Marshall v. Honeywell Technology Solutions, Inc., 598 F. Supp. 2d 57, 59 (D.D.C. 2009)(quoting Lederman v. United States, 539 F. Supp. 2d 1, 2 (D.D.C. 2008) (internal quotation omitted)).  "'A motion to alter the judgment need not be granted unless there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice."  Matthews, 774 F. Supp. 2d at 132 (quoting Berg, 656 F. Supp. 2d at 108).  "Motions for reconsideration 'are not simply an opportunity to reargue facts and theories upon which a court has already ruled.'"  Moses v. Dorado, 840 F. Supp. 2d 281, 286 (D.D.C. 2012) (quoting Black v. Tomlinson, 235 F.R.D. 532, 533 (D.D.C. 2006)(internal quotations omitted))).

-4-

The plaintiffs had argued that the Ex Post Facto analysis should compare the 2000 guidelines against the 1987 regulations which plaintiffs asserted were substantially similar to the 1972 regulations.  The September opinion held that "[t]he plaintiffs' allegations regarding the similarities among the pre- and post-1987 Board's practices are too speculative to allow plaintiffs convicted before 1987 to rely on the 1987 Regulations when arguing an Ex Post Facto violation."  Daniel, 823 F. Supp. 2d at 20-21 (citing Sellmon v. Reilly, 561 F. Supp. 2d 46, 49 (D.D.C. 2008)).  The plaintiffs argue that the opinion erred because the D.C. Court of Appeals found that the 1987 Guidelines "'merely formalize the manner in which the Board exercises the discretion conferred upon it' by the 1972 Regulations."  (Pls.' Mem. in Supp. of Mot. for Recons. ("Pls.' Mem.") at 2 (quoting Davis v. Henderson, 652 A.2d 634, 636 (D.C. 1991))).

This issue was argued by the parties before.  The September opinion considered the applicability of Davis and determined that it was not binding.  Daniel, 823 F. Supp. 2d at 20-21 n.3.  While the plaintiffs admit this in the motion for reconsideration, they claim to rely on the Davis ruling as an interpretation of D.C. Code, not as a binding precedent.  (Pls.' Mem. at 2.)  However, the September opinion interpreted Sellmon as "holding that Davis did not require the federal district court to treat the 1972 and 1987 Regulations as interchangeable when analyzing

-5-

an Ex Post Facto claim." Daniel, 823 F. Supp. 2d at 20-21 n.3. The Sellmon opinion states in relevant part:

> The Davis decision did not hold that the 1987 Regulations actually represented or codified the actual practice of the Board prior to their enactment . . . . [T]he D.C. Circuit has already held that the Davis decision is not binding on federal courts with respect to the question of whether the retroactive application of the 1987 Regulations violated the Ex Post Facto Clause.

Sellmon, 551 F. Supp. 2d at 86. Plaintiffs have shown no clear error or any manifest injustice warranting reconsideration on this point.

The plaintiffs also argue that reconsideration should be granted because the 2000 Guidelines impose substantive legal burdens not present in the 1972 regulations. (Pls.' Mem. at 5.) They allege that the September opinion erred when it concluded that "because the Commission sometimes departs upward under the 2000 Guidelines, it must also depart down." (Id. at 7.) The plaintiffs also assert that "[a]t a minimum it is impermissible to draw [the inference] against the moving party in a 12(b)(6) motion." (Pls.' Mem. at 7-8.) The plaintiffs mischaracterize the September opinion's reasoning. The September opinion stated that while it "accept[ed] all of the plaintiffs' factual allegations as true[,] . . . even the plaintiffs' well-pleaded factual allegations are insufficient to state a plausible ex post facto claim." Daniel, 823 F. Supp. 2d at 27 n.6 (internal citation omitted). The September opinion reached its conclusion

not based upon impermissible inferences drawn against the plaintiffs, but rather because "there remains no reasonably reliable method of comparing a particular defendant's incarceration period under the 1972 Regulations, as opposed to under the 2000 Guidelines" and that "any comparison of the plaintiffs' incarceration period under the two regulatory regimes would be speculative." Daniel, 823 F. Supp. 2d at 27 (citing Wilson v. Fullwood, 772 F. Supp. 2d 246, 266-67 (D.D.C. 2011) and Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995)). The September opinion did not infer that the parole board departs down from the guidelines, but, more broadly, reasoned that "the Commission will use its discretion to depart from the guidelines where appropriate." Daniel, 823 F. Supp. 2d at 27. As the September opinion noted, a court must "presume [that] the [Commission] follows its statutory commands and internal policies in fulfilling its obligations." Id. (citing Garner v. Jones, 529 U.S. 244, 256 (2000).)

Finally, the plaintiffs contend that "to sustain a claim that the Commission violated the Ex Post Facto Clause, plaintiffs need only plead (and later prove) that the 2000 Guidelines create a 'significant risk' that retroactive application will result in a longer period of incarceration for the plaintiffs." (Pls.' Mem. at 8 (quoting Garner, 529 U.S. at 255.)) They note that the September opinion stated that "[t]he court remains open to

-7-

reconsider whether the plaintiffs have a plausible claim if, in fact, the plaintiffs provide a non-speculative means of establishing what their incarceration periods would be under the 1972 Regulations, notwithstanding that those regulations are purely discretionary."  Daniel, 823 F. Supp. 2d at 27 n.6.

The controlling inquiry articulated in Garner is as follows:

> When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule.

Garner, 529 U.S. at 255.  The D.C. Circuit summarized that "[t]he question is one of practical effect."  Fletcher v. District of Columbia, 391 F.3d 250, 251 (D.C. Cir. 2004).  The plaintiffs' Ex Post Facto claim was originally dismissed for failure to raise facial differences between the 1972 Regulations and the 2000 Guidelines that allowed the court to reasonably infer that the latter subject the plaintiffs to a significant risk of increased incarceration time.  The motion for reconsideration explains that the plaintiffs would demonstrate the practical effects of the 1972 Regulations by reviewing the records of parole decisions under the 1972 Regulations in order to establish that application of the 2000 Guidelines created a significant risk of longer incarceration.  However, the September opinion emphasized the "amorphous nature of the 1972 Regulations," which suggests that even examination of Parole Board decisions in an attempt to

-8-

divine the practical implementation of the Regulations would be necessarily and inherently speculative.  Daniel, 823 F. Supp. 2d at 22.  Plaintiffs have not shown that

. to be wrong.  As another court found in addressing a similar Ex Post Facto claim, the pre-1987 Regulations involved "so much discretion that the Court simply cannot compare . . . how the Commission might have evaluated parole under those regulations with how the Commission did evaluate parole under the modern 2000 Guidelines."  Wilson, 772 F. Supp. 2d at 267.

Although a complaint may survive a motion to dismiss "even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely," it must nonetheless "raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiffs' claims in order to survive dismissal.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  Here, although the plaintiffs have indeed stated their intention to establish the practical effect of the 1972 Regulations by examining the record, they have made no plausible showing of non-speculative evidence sufficient to support an Ex Post Facto claim.  Although, as the plaintiffs note, "every parole regime . . . contains an element of discretion" (Pls.' Rep. at 1), not all parole regimes are as discretionary as the 1972 Regulations are.  In considering a motion for reconsideration, a court is not required to draw any

inference in favor of the plaintiffs; it merely examines its previous decision for clear error or manifest injustice. See Matthews, 774 F. Supp. 2d at 132. Further, as the Federal Circuit has stated, a court "is not required to permit discovery based merely on the hope on the part of a plaintiff that it might find evidence to support its complaint." Bubaker Amusement Co., Inc., v. United States, 304 F.3d 1349, 1361 (Fed. Cir. 2002)); see also Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009)(complaints that are deficient under Fed. R. Civ. P. 8 are not entitled to discovery); United States v. Marshall, 526 F.2d 1349, 1355 (9th Cir. 1975), cert. denied sub nom. Marshall v. United States, 426 U.S. 923 (1976) (finding that the district court did not abuse discretion in denying extensive discovery where the "claimed infringement of constitutional rights was quite tenuous").

The plaintiffs have not satisfied the September opinion's invitation to establish a non-speculative means of demonstrating what their incarceration periods would have been under the purely speculative 1972 regulations. Reconsideration of that opinion is not warranted, and the plaintiffs' motion will be denied.

## CONCLUSION AND ORDER

The plaintiffs have not shown clear error or manifest injustice in the September 2011 opinion granting the defendants' motion to dismiss. Accordingly, it is hereby

-10-

ORDERED that the plaintiffs' motion [29] for reconsideration be, and hereby is, DENIED.

SIGNED this 27th day of September, 2012.

                                          /s/
                                 RICHARD W. ROBERTS
                                 United States District Judge