APPEAL,CLOSED,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:10−cv−00862−RWR

DANIEL et al v. FULWOOD et al
Assigned to: Judge Richard W. Roberts
Case: 1:06−cv−01650−ESH
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 05/25/2010
Date Terminated: 09/30/2011
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil Rights
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**ROY A. DANIEL** represented by

**Ivy Ann Finkenstadt**
Washington Lawyers' Committee for Civil Rights and Urba
11 Dupont Circle, NW
Suite 400
Washington, DC 20036
(202) 319−1000
Fax: (202) 319−1010
Email: ivy.lange@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth John Pfaehler**
SNR DENTON US LLP
1301 K Street, NW
Suite 600 East Tower
Washington, DC 20005
(202) 408−6468
Fax: (202) 408−6399
Email: kenneth.pfaehler@snrdenton.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Fornaci**
WASHINGTON LAWYERS' COMMITTEE FOR CIVIL RIGHTS
DC Prisoners' Project
11 Dupoint Circle, NW
Suite 400
Washington, DC 20036
(202) 319−1000
Fax: (202) 319−1010
Email: philip_fornaci@washlaw.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALFONSO TAYLOR** represented by

**Ivy Ann Finkenstadt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth John Pfaehler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Fornaci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**HAROLD VENABLE**    represented by    **Ivy Ann Finkenstadt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth John Pfaehler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Fornaci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PERCY JETER**    represented by    **Ivy Ann Finkenstadt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth John Pfaehler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Fornaci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ABDUS−SHAHID ALI**    represented by    **Ivy Ann Finkenstadt**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Kenneth John Pfaehler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Fornaci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIAM TERRY**
*On Behalf of Themselves and All Others Similarly Situated*

represented by

**Ivy Ann Finkenstadt**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kenneth John Pfaehler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Philip J. Fornaci**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ISAAC FULWOOD, JR.**
*Chairman of the United States Parole Commission*

represented by

**Alan R. Burch**
U.S. ATTORNEY'S OFFICE
Civil Division
555 Fourth Street, NW
Washington, DC 20530
(202) 514−7204
Fax: (202) 514−8780
Email: alan.burch@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Lo**
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530
(202) 514−5134
Fax: (202) 514−8780
Email: Michelle.Lo2@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**CRANSTON J. MITCHELL**
*Commissioner of the United States Parole Commission*

represented by **Alan R. Burch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Lo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**PATRICIA K. CUSHWA**
*Commissioner of the United States Parole Commission*

represented by **Alan R. Burch**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michelle Lo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 05/25/2010 | 1 | | COMPLAINT against PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL ( Filing fee $ 350, receipt number 4616029971) filed by ABDUS−SHAHID ALI, ALFONSO TAYLOR, WILLIAM TERRY, ROY A DANIEL, HAROLD VENABLE, PERCY JETER. (Attachments: # 1 Civil Cover Sheet)(jf, ) (Entered: 05/26/2010) |
| 05/25/2010 | | | SUMMONS (5) Issued as to PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL, U.S. Attorney and U.S. Attorney General (jf, ) (Entered: 05/26/2010) |
| 05/25/2010 | 2 | | NOTICE OF RELATED CASE by ABDUS−SHAHID ALI, ROY A DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE. Case related to Case No. 06−1650. (jf, ) (Entered: 05/26/2010) |
| 06/01/2010 | 3 | | Case randomly reassigned to Judge Ricardo M. Urbina. Judge Ellen S. Huvelle no longer assigned to the case. (gt, ) (Entered: 06/01/2010) |
| 06/07/2010 | 4 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to ISAAC FULWOOD, JR served on 5/28/2010, answer due 7/27/2010. (Pfaehler, Kenneth) (Entered: 06/07/2010) |
| 06/07/2010 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to CRANSTON J. MITCHELL served on 5/28/2010, answer due 7/27/2010. (Pfaehler, Kenneth) (Entered: 06/07/2010) |
| 06/07/2010 | 6 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to PATRICIA K. CUSHWA served on 5/28/2010, answer due 7/27/2010. |

| | | | |
|---|---|---|---|
| | | | (Pfaehler, Kenneth) (Entered: 06/07/2010) |
| 06/07/2010 | 7 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on Attorney General. Date of Service Upon Attorney General 05/28/10. (Pfaehler, Kenneth) (Entered: 06/07/2010) |
| 06/07/2010 | 8 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the US Attorney. (Pfaehler, Kenneth) (Entered: 06/07/2010) |
| 07/22/2010 | 9 | | NOTICE of Appearance by Michelle Lo on behalf of PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL (Lo, Michelle) (Entered: 07/22/2010) |
| 07/22/2010 | 10 | | WITHDRAWN PURSUANT TO NOTICE FILED 8/6/2010..... MOTION to Stay, Consent MOTION for Extension of Time to File Answer by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL (Attachments: # 1 Text of Proposed Order)(Lo, Michelle) Modified on 8/9/2010 (znmw, ). (Entered: 07/22/2010) |
| 07/22/2010 | 11 | | NOTICE of Appearance by Alan Burch on behalf of PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL (Burch, Alan) (Entered: 07/22/2010) |
| 07/26/2010 | | | MINUTE ORDER deferring ruling on 10 motion to stay; granting 10 motion for extension of time to answer PATRICIA K. CUSHWA answer due 9/27/2010; ISAAC FULWOOD, JR answer due 9/27/2010; CRANSTON J. MITCHELL answer due 9/27/2010. Upon consideration of the defendants' motion to stay or, in the alternative, for an extension of time to respond to the complaint, it is hereby ORDERED that the motion for an extension of time is GRANTED and the defendants shall respond to the complaint on or before September 27, 2010; and it is FURTHER ORDERED that the court will defer ruling on the motion to stay pending an opposition and reply, deadlines for which are articulated in the court's Local Rules. SO ORDERED. Signed by Judge Ricardo M. Urbina on 07/26/2010. (EN, ) Modified on 7/26/2010 (EN, ) to reflect that this is a minute order. (Entered: 07/26/2010) |
| 07/27/2010 | | | Set/Reset Deadlines: Answer to the complaint due on or before 9/27/2010, (tg, ) (Entered: 07/27/2010) |
| 08/06/2010 | 12 | | NOTICE OF WITHDRAWAL OF MOTION by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL (Lo, Michelle) (Entered: 08/06/2010) |
| 08/09/2010 | 13 | | NOTICE of Appearance by Ivy Ann Finkenstadt on behalf of ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Finkenstadt, Ivy) (Entered: 08/09/2010) |
| 08/09/2010 | 14 | | ENTERED IN ERROR.....MOTION for Leave to Appear Attorney by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Fornaci, Philip) Modified on 8/9/2010 (tg, ). (Entered: 08/09/2010) |
| 08/09/2010 | 15 | | NOTICE of Appearance by Philip J. Fornaci on behalf of ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Fornaci, Philip) (Entered: 08/09/2010) |

| | | | |
|---|---|---|---|
| 08/09/2010 | | | NOTICE OF CORRECTED DOCKET ENTRY: 14 MOTION for Leave to Appear Attorney was entered in error. Counsel refiled said pleading, using the proper ECF event to file a Notice of Entry of Appearance, under docket entry number 15 . (tg, ) (Entered: 08/09/2010) |
| 08/20/2010 | 16 | | Consent MOTION for Extension of Time to *File Plaintiffs' Motion for Class Certification* by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Attachments: # 1 Text of Proposed Order)(Pfaehler, Kenneth) (Entered: 08/20/2010) |
| 08/23/2010 | | | MINUTE ORDER granting 16 motion for extension of time. Upon consideration of the plaintiffs' motion for an extension of time to file their motion for class certification, it is hereby ORDERED that the motion is GRANTED and the plaintiffs' motion for class certification is due on or before October 25, 2010. SO ORDERED. Signed by Judge Ricardo M. Urbina on 08/23/2010. (EN, ) (Entered: 08/23/2010) |
| 08/23/2010 | | | Set/Reset Deadlines: Plaintiff's motions for class certification due by 10/25/2010. (tg, ) (Entered: 08/23/2010) |
| 09/27/2010 | 17 | | MOTION to Dismiss *&supporting Memorandum* by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL (Attachments: # 1 Exhibit 1−−Report, # 2 Exhibit 2−−DCMR, # 3 Exhibit 3−−1991 Policy Guideline)(Burch, Alan) (Entered: 09/27/2010) |
| 10/01/2010 | 18 | | NOTICE *of Firm Name Change for Plaintiffs' Counsel* by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Pfaehler, Kenneth) (Entered: 10/01/2010) |
| 10/07/2010 | 19 | | Consent MOTION for Extension of Time to File Response/Reply as to 17 MOTION to Dismiss *&supporting Memorandum* by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Attachments: # 1 Text of Proposed Order)(Pfaehler, Kenneth) (Entered: 10/07/2010) |
| 10/08/2010 | | | MINUTE ORDER granting 19 motion for extension of time. Upon consideration of the plaintiffs' consent motion for an extension of time to oppose the defendants' motion to dismiss, it is hereby ORDERED that the plaintiffs' motion is GRANTED; and it is FURTHER ORDERED that the plaintiffs shall have up to and including November 15, 2010 to file their opposition to the defendants' motion to dismiss. SO ORDERED. Signed by Judge Ricardo M. Urbina on 10/08/10. (EN, ) (Entered: 10/08/2010) |
| 10/08/2010 | | | Set/Reset Deadlines: Plaintiffs' Opposition to Dispositive Motion due by 11/15/2010. (tg, ) (Entered: 10/08/2010) |
| 10/25/2010 | 20 | | Consent MOTION for Extension of Time to *file motion papers* by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Attachments: # 1 Text of Proposed Order)(Pfaehler, Kenneth) (Entered: 10/25/2010) |
| 11/12/2010 | | | MINUTE ORDER granting 20 motion for extension of time. Upon consideration of the plaintiffs' consent motion for an extension of the briefing deadlines, it is hereby ORDERED that the motion is GRANTED; and it is |

| | | | |
|---|---|---|---|
| | | | FURTHER ORDERED that the defendants shall have up to and including December 3, 2010 to file a reply in support of their motion to dismiss; and it is ORDERED that the plaintiffs shall have up to and including December 10, 2010 to file a motion for class certification. SO ORDERED. Signed by Judge Ricardo M. Urbina on 11/12/10. (EN, ) (Entered: 11/12/2010) |
| 11/12/2010 | | | Set/Reset Deadlines: Defendants' Reply in Support of their Dispositive Motion due by 12/3/2010. Plaintiffs' Motion for Class Certification due by 12/10/2010. (tg, ) (Entered: 11/12/2010) |
| 11/15/2010 | 21 | | Memorandum in opposition to re 17 MOTION to Dismiss *&supporting Memorandum* filed by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE. (Attachments: # 1 Text of Proposed Order Order)(Pfaehler, Kenneth) (Entered: 11/15/2010) |
| 12/03/2010 | 22 | | REPLY to opposition to motion re 17 MOTION to Dismiss *&supporting Memorandum* filed by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL. (Lo, Michelle) (Entered: 12/03/2010) |
| 12/10/2010 | 23 | | MOTION to Certify Class by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Attachments: # 1 Memorandum in Support, # 2 Exhibit 1−Declaration of Stacy Litner, # 3 Text of Proposed Order)(Pfaehler, Kenneth) (Entered: 12/10/2010) |
| 12/23/2010 | 24 | | MOTION to Stay re 23 MOTION to Certify Class by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL (Attachments: # 1 Text of Proposed Order)(Lo, Michelle) (Entered: 12/23/2010) |
| 01/10/2011 | 25 | | Memorandum in opposition to re 24 MOTION to Stay re 23 MOTION to Certify Class filed by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE. (Attachments: # 1 Text of Proposed Order, # 2 Certificate of Service)(Pfaehler, Kenneth) (Entered: 01/10/2011) |
| 01/13/2011 | 26 | | REPLY to opposition to motion re 24 MOTION to Stay re 23 MOTION to Certify Class filed by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL. (Burch, Alan) (Entered: 01/13/2011) |
| 09/30/2011 | 27 | | ORDER granting 17 the defendants' motion to dismiss. Signed by Judge Ricardo M. Urbina on 9/30/11. (TA) (Entered: 09/30/2011) |
| 09/30/2011 | 28 | | MEMORANDUM OPINION granting 17 the defendants' motion to dismiss. Signed by Judge Ricardo M. Urbina on 9/30/11. (TA) (Entered: 09/30/2011) |
| 10/28/2011 | 29 | | MOTION to Alter Judgment as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion *Pursuant to Rule 59(e)* by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Pfaehler, Kenneth) (Entered: 10/28/2011) |
| 11/08/2011 | 30 | | Consent MOTION for Extension of Time to File Response/Reply as to 29 MOTION to Alter Judgment as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion *Pursuant to Rule 59(e)* MOTION to Alter Judgment |

| | | | |
|---|---|---|---|
| | | | as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion *Pursuant to Rule 59(e)* by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL (Lo, Michelle) (Entered: 11/08/2011) |
| 11/23/2011 | 31 | | Memorandum in opposition to re 29 MOTION to Alter Judgment as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion *Pursuant to Rule 59(e)* MOTION to Alter Judgment as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion *Pursuant to Rule 59(e)* filed by PATRICIA K. CUSHWA, ISAAC FULWOOD, JR, CRANSTON J. MITCHELL. (Attachments: # 1 Text of Proposed Order)(Burch, Alan) (Entered: 11/23/2011) |
| 12/05/2011 | 32 | | REPLY to opposition to motion re 29 MOTION to Alter Judgment as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion *Pursuant to Rule 59(e)* MOTION to Alter Judgment as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion *Pursuant to Rule 59(e)* filed by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE. (Pfaehler, Kenneth) (Entered: 12/05/2011) |
| 04/20/2012 | | | Case randomly reassigned to Judge Rudolph Contreras. Judge Ricardo M. Urbina no longer assigned to the case. (gt, ) (Entered: 04/20/2012) |
| 04/23/2012 | | | Case directly reassigned to Judge Richard W. Roberts. Judge Rudolph Contreras no longer assigned to the case. (gt, ) (Entered: 04/23/2012) |
| 08/16/2012 | | | MINUTE ORDER: It is hereby ORDERED that the defendants' motion 30 for an extension of the deadline to respond to the motion to alter judgment be, and hereby is, GRANTED nunc pro tunc. Issued by Judge Richard W. Roberts on 08/16/2012. (DCL) (Entered: 08/16/2012) |
| 09/27/2012 | 33 | 11 | MEMORANDUM OPINION AND ORDER denying plaintiffs' motion 29 for reconsideration. Signed by Judge Richard W. Roberts on 09/27/2012. (DCL) (Entered: 09/27/2012) |
| 10/17/2012 | 34 | 9 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 27 Order on Motion to Dismiss, 28 Memorandum &Opinion, 33 Memorandum &Opinion by ABDUS−SHAHID ALI, ROY A. DANIEL, PERCY JETER, ALFONSO TAYLOR, WILLIAM TERRY, HAROLD VENABLE. Filing fee $ 455, receipt number 0090−3103607. Fee Status: Fee Paid. Parties have been notified. (Pfaehler, Kenneth) (Entered: 10/17/2012) |

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROY A. DANIEL, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | Civil Action No. 10-862 (RWR) |
| | ) | |
| ISAAC FULWOOD, JR., et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

**NOTICE OF APPEAL**

Notice is hereby given that Roy A. Daniel, Alfonso Taylor, Harold Venable, Percy Jeter, Abdus-Shahid Ali and William Terry, the plaintiffs in the above captioned case, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the Order entered in this action on the 30th day of September, 2011 (Docket No. 27), the Memorandum Opinion Granting the Defendants' Motion to Dismiss entered in this action on the 30th day of September, 2011(Docket No. 28), and the Memorandum Opinion and Order entered in this action on the 27th day of September, 2012 (Docket No. 33).

Dated: October 17, 2012

/s/ Kenneth J. Pfaehler

Kenneth J. Pfaehler (DC 461718)
SNR DENTON US LLP
1301 K Street, N.W.
Suite 600, East Tower
Washington, D.C. 20005
(202) 408-6468 Telephone
(202) 408-6399 Fax

Phil Fornaci (DC 434824)
WASHINGTON LAWYERS' COMMITTEE
FOR CIVIL RIGHTS & URBAN AFFAIRS
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
(202) 319-1000 Telephone
(202) 319-1010 Fax

*Counsel for Plaintiffs-Appellants Roy A. Daniel, et al.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on October 17, 2012, the foregoing Notice of Appeal was served, via the electronic filing system of the U.S. District Court for the District of Columbia, upon the following:

Michelle Lo, Esq.
*Michelle.Lo2@usdoj.gov*

Alan Burch, Esq.
*Alan.Burch@usdoj.gov*

/s/ Kenneth J. Pfaehler
Kenneth J. Pfaehler (D.C. Bar No. 461718)

25518937

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROY A. DANIEL, et al.,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**ISAAC FULWOOD, JR., et al.,**<br><br>**Defendants.** | **Civil Action No. 10-862 (RWR)** |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs are federal inmates who alleged that the U.S. Parole Commission violated the Ex Post Facto Clause in making parole decisions by applying the 2000 parole guidelines rather than the 1972 parole regulations that were in place at the time each plaintiff was sentenced. The plaintiffs also alleged that they were denied fair parole review hearings, in violation of the Due Process Clause of the Fifth Amendment. A previous memorandum opinion granted the defendants' motion to dismiss both of the plaintiffs' claims. The plaintiffs now move for reconsideration under Federal Rule of Civil Procedure 59(e). Because the plaintiffs fail to show clear error or manifest injustice, their motion will be denied.

BACKGROUND

Plaintiffs Roy A. Daniel, Alfonso Taylor, Harold Venable, Percy Jeter, Abdus-Shahid Ali, and William Terry are federal

inmates who were incarcerated for violations of the D.C. Code before March 3, 1985. At the time the plaintiffs were incarcerated, their parole hearings were governed by the 1972 Parole Regulations as applied by the D.C. Parole Board. (Compl. ¶ 3.) However, the plaintiffs' parole hearings have proceeded under the 2000 Guidelines as adopted by the United States Parole Commission ("USPC"), which assumed jurisdiction over D.C. Code offenders in 1997. (Id. at ¶ 4; see also Sellmon v. Reilly, 551 F. Supp. 2d 66, 68 (D.D.C. 2008).) The plaintiffs alleged that when the defendants - - the Chairman and two Commissioners of the USPC - - applied the revised parole guidelines, they violated the Ex Post Facto Clause and the Due Process Clause of the United States Constitution by effectively increasing each plaintiff's period of incarceration. (Compl. ¶¶ 6, 10-17.)

An opinion and order issued in September 2011 ("September opinion") dismissed the plaintiffs' complaint for failure to state a claim. The September opinion held that the complaint did not plausibly plead that the retroactive application of parole regulations to prisoners created a significant risk of longer incarceration in violation of the Ex Post Facto Clause, and that parole regulations do not create a constitutionally protected liberty interest that is protected by the Due Process Clause. See Daniel v. Fulwood, 823 F. Supp. 2d 13, 15 (D.D.C. 2011). The plaintiffs have moved under Federal Rule of Civil Procedure

59(e) for reconsideration of the September opinion. The defendants oppose.

DISCUSSION

"'While the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration and amendment of a previous order is an unusual measure.'" Matthews v. District of Columbia, 774 F. Supp. 2d 131, 132 (D.D.C. 2011) (quoting Berg v. Obama, 656 F. Supp. 2d 107, 108 (D.D.C. 2009) (internal quotation omitted)). "[A]s a rule [a] court should be loathe to [revisit its own prior decisions] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Marshall v. Honeywell Technology Solutions, Inc., 598 F. Supp. 2d 57, 59 (D.D.C. 2009)(quoting Lederman v. United States, 539 F. Supp. 2d 1, 2 (D.D.C. 2008) (internal quotation omitted)). "'A motion to alter the judgment need not be granted unless there is an intervening change of controlling law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice." Matthews, 774 F. Supp. 2d at 132 (quoting Berg, 656 F. Supp. 2d at 108). "Motions for reconsideration 'are not simply an opportunity to reargue facts and theories upon which a court has already ruled.'" Moses v. Dorado, 840 F. Supp. 2d 281, 286 (D.D.C. 2012) (quoting Black v. Tomlinson, 235 F.R.D. 532, 533 (D.D.C. 2006)(internal quotations omitted))).

The plaintiffs had argued that the Ex Post Facto analysis should compare the 2000 guidelines against the 1987 regulations which plaintiffs asserted were substantially similar to the 1972 regulations. The September opinion held that "[t]he plaintiffs' allegations regarding the similarities among the pre- and post-1987 Board's practices are too speculative to allow plaintiffs convicted before 1987 to rely on the 1987 Regulations when arguing an Ex Post Facto violation." Daniel, 823 F. Supp. 2d at 20-21 (citing Sellmon v. Reilly, 561 F. Supp. 2d 46, 49 (D.D.C. 2008)). The plaintiffs argue that the opinion erred because the D.C. Court of Appeals found that the 1987 Guidelines "'merely formalize the manner in which the Board exercises the discretion conferred upon it' by the 1972 Regulations." (Pls.' Mem. in Supp. of Mot. for Recons. ("Pls.' Mem.") at 2 (quoting Davis v. Henderson, 652 A.2d 634, 636 (D.C. 1991))).

This issue was argued by the parties before. The September opinion considered the applicability of Davis and determined that it was not binding. Daniel, 823 F. Supp. 2d at 20-21 n.3. While the plaintiffs admit this in the motion for reconsideration, they claim to rely on the Davis ruling as an interpretation of D.C. Code, not as a binding precedent. (Pls.' Mem. at 2.) However, the September opinion interpreted Sellmon as "holding that Davis did not require the federal district court to treat the 1972 and 1987 Regulations as interchangeable when analyzing

an Ex Post Facto claim." Daniel, 823 F. Supp. 2d at 20-21 n.3. The Sellmon opinion states in relevant part:

> The Davis decision did not hold that the 1987 Regulations actually represented or codified the actual practice of the Board prior to their enactment . . . . [T]he D.C. Circuit has already held that the Davis decision is not binding on federal courts with respect to the question of whether the retroactive application of the 1987 Regulations violated the Ex Post Facto Clause.

Sellmon, 551 F. Supp. 2d at 86. Plaintiffs have shown no clear error or any manifest injustice warranting reconsideration on this point.

The plaintiffs also argue that reconsideration should be granted because the 2000 Guidelines impose substantive legal burdens not present in the 1972 regulations. (Pls.' Mem. at 5.) They allege that the September opinion erred when it concluded that "because the Commission sometimes departs upward under the 2000 Guidelines, it must also depart down." (Id. at 7.) The plaintiffs also assert that "[a]t a minimum it is impermissible to draw [the inference] against the moving party in a 12(b)(6) motion." (Pls.' Mem. at 7-8.) The plaintiffs mischaracterize the September opinion's reasoning. The September opinion stated that while it "accept[ed] all of the plaintiffs' factual allegations as true[,] . . . even the plaintiffs' well-pleaded factual allegations are insufficient to state a plausible ex post facto claim." Daniel, 823 F. Supp. 2d at 27 n.6 (internal citation omitted). The September opinion reached its conclusion

not based upon impermissible inferences drawn against the plaintiffs, but rather because "there remains no reasonably reliable method of comparing a particular defendant's incarceration period under the 1972 Regulations, as opposed to under the 2000 Guidelines" and that "any comparison of the plaintiffs' incarceration period under the two regulatory regimes would be speculative." Daniel, 823 F. Supp. 2d at 27 (citing Wilson v. Fullwood, 772 F. Supp. 2d 246, 266–67 (D.D.C. 2011) and Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995)). The September opinion did not infer that the parole board departs down from the guidelines, but, more broadly, reasoned that "the Commission will use its discretion to depart from the guidelines where appropriate." Daniel, 823 F. Supp. 2d at 27. As the September opinion noted, a court must "presume [that] the [Commission] follows its statutory commands and internal policies in fulfilling its obligations." Id. (citing Garner v. Jones, 529 U.S. 244, 256 (2000).)

Finally, the plaintiffs contend that "to sustain a claim that the Commission violated the Ex Post Facto Clause, plaintiffs need only plead (and later prove) that the 2000 Guidelines create a 'significant risk' that retroactive application will result in a longer period of incarceration for the plaintiffs." (Pls.' Mem. at 8 (quoting Garner, 529 U.S. at 255.)) They note that the September opinion stated that "[t]he court remains open to

reconsider whether the plaintiffs have a plausible claim if, in fact, the plaintiffs provide a non-speculative means of establishing what their incarceration periods would be under the 1972 Regulations, notwithstanding that those regulations are purely discretionary." Daniel, 823 F. Supp. 2d at 27 n.6.

The controlling inquiry articulated in Garner is as follows:

> When the rule does not by its own terms show a significant risk, the respondent must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule.

Garner, 529 U.S. at 255. The D.C. Circuit summarized that "[t]he question is one of practical effect." Fletcher v. District of Columbia, 391 F.3d 250, 251 (D.C. Cir. 2004). The plaintiffs' Ex Post Facto claim was originally dismissed for failure to raise facial differences between the 1972 Regulations and the 2000 Guidelines that allowed the court to reasonably infer that the latter subject the plaintiffs to a significant risk of increased incarceration time. The motion for reconsideration explains that the plaintiffs would demonstrate the practical effects of the 1972 Regulations by reviewing the records of parole decisions under the 1972 Regulations in order to establish that application of the 2000 Guidelines created a significant risk of longer incarceration. However, the September opinion emphasized the "amorphous nature of the 1972 Regulations," which suggests that even examination of Parole Board decisions in an attempt to

divine the practical implementation of the Regulations would be necessarily and inherently speculative. Daniel, 823 F. Supp. 2d at 22. Plaintiffs have not shown that

. to be wrong. As another court found in addressing a similar Ex Post Facto claim, the pre-1987 Regulations involved "so much discretion that the Court simply cannot compare . . . how the Commission might have evaluated parole under those regulations with how the Commission did evaluate parole under the modern 2000 Guidelines." Wilson, 772 F. Supp. 2d at 267.

Although a complaint may survive a motion to dismiss "even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely," it must nonetheless "raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiffs' claims in order to survive dismissal. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Here, although the plaintiffs have indeed stated their intention to establish the practical effect of the 1972 Regulations by examining the record, they have made no plausible showing of non-speculative evidence sufficient to support an Ex Post Facto claim. Although, as the plaintiffs note, "every parole regime . . . contains an element of discretion" (Pls.' Rep. at 1), not all parole regimes are as discretionary as the 1972 Regulations are. In considering a motion for reconsideration, a court is not required to draw any

inference in favor of the plaintiffs; it merely examines its previous decision for clear error or manifest injustice. See Matthews, 774 F. Supp. 2d at 132. Further, as the Federal Circuit has stated, a court "is not required to permit discovery based merely on the hope on the part of a plaintiff that it might find evidence to support its complaint." Bubaker Amusement Co., Inc., v. United States, 304 F.3d 1349, 1361 (Fed. Cir. 2002)); see also Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009)(complaints that are deficient under Fed. R. Civ. P. 8 are not entitled to discovery); United States v. Marshall, 526 F.2d 1349, 1355 (9th Cir. 1975), cert. denied sub nom. Marshall v. United States, 426 U.S. 923 (1976) (finding that the district court did not abuse discretion in denying extensive discovery where the "claimed infringement of constitutional rights was quite tenuous").

The plaintiffs have not satisfied the September opinion's invitation to establish a non-speculative means of demonstrating what their incarceration periods would have been under the purely speculative 1972 regulations. Reconsideration of that opinion is not warranted, and the plaintiffs' motion will be denied.

CONCLUSION AND ORDER

The plaintiffs have not shown clear error or manifest injustice in the September 2011 opinion granting the defendants' motion to dismiss. Accordingly, it is hereby

ORDERED that the plaintiffs' motion [29] for reconsideration be, and hereby is, DENIED.

SIGNED this 27th day of September, 2012.

                                                  /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge